■ MORRIS DAVIDOWITZ, Respondent, v. DIXIE ASSOCIATES et al., Appellants, et al., Defendant.— Resettled order and judgment (one paper), Supreme Court, New York County, entered October 4, 1973, granting plaintiff's motion for summary judgment with respect to the third cause of action, dismissing the second cause of action and the affirmative defenses to both causes as academic and dismissing the counterclaim for damages for fraud, unanimously modified, on the law, to the extent of denying summary judgment on the third cause of action, reinstating the second cause of action and the affirmative defenses to both causes of action, and otherwise affirmed, without costs and without disbursements. One Benjamin Winkler entered into a sale-leaseback arrangement with the defendant, Dixie Associates (Dixie), which included Winkler's retaining a third purchase money mortgage in the amount of $444,000. Winkler gave a subordinate assignment of this mortgage to the plaintiff, Davidowitz, to the extent of $100,000. As part of the sale-leaseback arrangement, Dixie retained this third purchase money mortgage as security in the event of the default of the lessee, L.B.M. Enterprises, Inc. (a corporation wholly owned by Winkler). Such default did in fact occur. Ultimately, the dispute engendered by the default was settled by Dixie and Winkler for a payment to Winkler of $10,000 in cash, $15,000 in produce and an assignment by Winkler to Dixie of the purchase money mortgage. This settlement was in full satisfaction of any claims Dixie had against Winkler or L.B.M. Enterprises. Davidowitz was aware of the lengthy negotiations which ultimately culminated in the settlement and in fact was invited to attend and participate. He did neither. Instead, he instituted a lawsuit alleging, *inter alia,* a cause of action for damages for conversion of the purchase money mortgage and a further cause of action for a declaration pursuant to article 15 of the Real Property Actions and Proceedings Law, that he (Davidowitz) retains an interest in the mortgage. Plaintiff's motion at Special Term for summary judgment was granted to the extent of declaring that he had an interest in the mortgage. The second cause of action for conversion and the affirmative defenses attendant upon both causes of action were dismissed as academic. The basis for the determination at Special Term was that a provision for forfeiture of the mortgage for defaulting on the lease agreement of Dixie constituted a penalty. However, a view of the totality of the sale-leaseback arrangement could lead equally to the conclusion that forfeiture of the mortgage was nothing more than an adjustment to the purchase price. In addition thereto, there is an issue of estoppel and laches on the part of Davidowitz, all of which warrant elaboration at a trial and preclude the granting of summary judgment. Concur — Nunez, J. P., Steuer, Capozzoli, Lane and Lynch, JJ. [76 Misc 2d 554.]